UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES WRIGHT, JR., | ) | |
| Petitioner, | ) | 3:12-cv-00286-LRH-VPC |
| vs. | ) | **ORDER** |
| ROBERT LEGRAND, *et al.*, | ) | |
| Respondents. | ) | |

James Wright, Jr., a Nevada prisoner, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF #8). Several motions are pending, and the court turns first to petitioner's motion for stay and abeyance (ECF #8). Respondents opposed the motion (ECF #11).

On September 12, 2012, before respondents had responded to the petition in any way, petitioner filed a motion for stay and abeyance (ECF #8). He seeks a stay in this action in order that he may exhaust a claim in state court. He attaches as an exhibit an additional ground that he received ineffective assistance of counsel during plea negotiations and that but for that ineffective assistance he would have accepted the plea agreement, which carried a sentence that was substantially shorter than the sentence he received after a jury found him guilty. The United States Supreme Court has recently recognized that criminal defendants have a Sixth Amendment right to effective assistance of counsel during the plea-bargaining process, and considered how to navigate the *Strickland v. Washington* test for ineffective assistance of counsel where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).

Respondents correctly point out in their opposition that a motion for stay and abeyance is inapposite here because the ground is not already set forth in petitioner's federal petition (ECF #11). Accordingly, petitioner's motion for stay and abeyance is denied (ECF #8). As will be discussed below, counsel shall be appointed in this case, and thereafter, counsel for petitioner shall file an amended petition. The amended petition shall set forth all grounds for relief.

Next, petitioner has filed a motion for reconsideration of the denial of counsel (ECF #21). The court shall appoint counsel in this case. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Here, it appears that the claims are somewhat complex or at minimum may involve newly recognized claims based on recent U.S. Supreme Court decisions. Additionally, petitioner is serving a life sentence without the possibility of parole. Therefore, counsel shall be appointed to represent petitioner.

Subsequent to petitioner's motion to stay and abey, respondents filed a motion to dismiss the petition, arguing that most grounds are unexhausted and two are procedurally barred (ECF #13). As petitioner is granted leave to file an amended petition, respondents' motion is denied without prejudice as premature.

Finally, respondents filed a motion to strike a document (ECF #26) that petitioner filed and styled as "response to reply to response to motion to dismiss." The document is essentially petitioner's sur-reply to the motion to dismiss. This motion is denied as moot.

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF #8) is **DENIED**.

1      **IT IS FURTHER ORDERED** that petitioner's motion for district judge to reconsider order (ECF #21) is **GRANTED**.

     **IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent petitioner.

     **IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF #6). The FPD shall have thirty (30) days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

     **IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this case, the court will issue a scheduling order, which will, among other things, set a deadline for the filing of a first amended petition.

     **IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF #13) is **DENIED** without prejudice.

     **IT IS FURTHER ORDERED** that respondents' motion to strike reply (ECF #26) is **DENIED** as moot.

     DATED this 22nd day of February, 2013.

     _____
     LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE